Clem H. TEGETHOFF, d/b/a Clem H. Tegethoff Grading Company, Plaintiff-Respondent,

v.

CHARLESTOWN, INC., a corporation, Defendant-Appellant.

No. 33928.

St. Louis Court of Appeals, Missouri.

March 23, 1971.

Niedner, Niedner & Moerschel, by Rollin J. Moerschel, and Edward C. Ahlheim, St. Charles, for plaintiff-respondent.

Ziercher, Tzinberg, Human & Michenfelder, by Robert C. Jones, Clayton, for defendant-appellant.

CLEMENS, Commissioner.

This is an action in quantum meruit for machine labor done by plaintiff, an excavator, for the defendant apartment owner. The trial court, sitting without a jury, gave plaintiff judgment for $5,256 plus interest and a mechanic's lien on defendant's land. Defendant appeals.

Defendant questions neither the reasonable value of plaintiff's work nor the formal propriety of the lien; instead, defendant contends it agreed to pay plaintiff $500 for specified excavation work and did not authorize the alternate work on which plaintiff bases his claim.

■ We have independently considered the evidence, giving due regard to the trial court's opportunity to judge the credibility of witnesses and assuming the trial court found all fact issues in accordance with its judgment for plaintiff. Civil Rule 73.01 (b), (d), V.A.M.R. We find the following are the facts.

The corporate defendant owned apartment units on an acreage tract in St. Charles. The original sewer system broke down and municipal authorities brought pressure on defendant to remedy the unsanitary conditions. Defendant's president, Terry Nicholson, consulted Mr. James of the St. Charles Engineering Company and subsequently decided to install a new sewer line. Mr. Nicholson then made arrangements with Mr. Tommy Stone to lay the new line.

Mr. Stone inspected the site and the sewer plans prepared by defendant's engineer. He told Mr. Nicholson his backhoe could work to a maximum depth of 19 feet and since the sewer line had to be 21 feet deep it would be necessary to have a preparatory excavation, two feet deep, fifteen feet wide and 300 feet long; this would let Mr. Stone effectively use his backhoe. To that end defendant employed plaintiff to dig the preparatory excavation for an agreed maximum cost of $500.

On June 26, 1969, plaintiff's operator began clearing brush from the sewer line location as staked out by defendant's engineers. Meanwhile plaintiff inspected records at the St. Charles City Engineer's office and learned defendant's water line lay beneath that location, making it impossible to lay the sewer line there and requiring a longer and deeper line at another location. Plaintiff promptly phoned Mr. Nicholson at defendant's office to report the difficulty. Since Mr. Nicholson was about

to leave town he told plaintiff to contact Mr. James, defendant's engineer, and "whatever had to be done, Mr. James would tell us." Plaintiff told Mr. Nicholson he could not do the new work for the $500 first agreed upon and quoted his price per hour for each type of excavating equipment plaintiff would use. Mr. Nicholson denied this conversation at trial but we resolve the conflict in plaintiff's favor, as did the trial court.

Plaintiff returned to the work site and found defendant's engineers had staked out the alternate sewer line and had specified new grade lines to a depth of 25 feet. Plaintiff began digging the new preparatory excavation, this one necessarily six feet deep, 30 feet wide and 600 feet long. This was 12 times greater in volume than the preparatory excavation originally planned. As plaintiff's excavating progressed the sewer contractor followed along, laying the new sewer. When that was completed plaintiff finished his work by back-filling the excavation as directed by defendant's engineer. All this took about a month. Although Mr. Nicholson was not at the job site until the end of plaintiff's work defendant's engineer, Mr. James, was often there overseeing the work. Mr. Nicholson did come to the job site July 26, 1969, as plaintiff's work was nearing an end. He told plaintiff's bulldozer operator that before plaintiff's machinery left the job he wanted a retention basin dug at the lower end of the sewer line. He told plaintiff's operator to call on defendant's engineer for instructions as to location; plaintiff did so and dug the basin, the last item of plaintiff's work.

Plaintiff billed defendant for $5,256, based on the quoted hourly rates for the work done. Defendant has paid nothing, contending that as to the additional work the plaintiff was a volunteer and defendant is liable only for the agreed $500, plus $171 for digging the retention basin.

■■ On this appeal defendant attacks the judgment on the ground the work plaintiff performed was not authorized after the original planned sewer line location was abandoned. As said, we have concluded, both on reason and the trial court's finding, that plaintiff and defendant's president agreed to abandon the original express contract and that defendant not only by its president but also by its engineer, did authorize plaintiff's excavating work at the new location. It follows from this that in the absence of an agreement on the amount to be paid for the new work the law implies defendant's promise to pay plaintiff the reasonable value of his services. Tessler v. Duzer, Mo.App., 309 S.W.2d 1 [5]; Bybee v. Dixon, Mo.App., 380 S.W.2d 539 [8, 9]; and see cases collected in 29A Mo.Dig., Work and Labor, ⬤4(2).

■ Defendant also contends plaintiff failed to prove any additional value was added to defendant's land by plaintiff's work and says this is an essential element of plaintiff's case in quantum meruit. We disagree. Defendant's argument is based on such words as "beneficial services" in Tessler v. Duzer, supra, and statements in Bybee v. Dixon, supra, and Beckemeir v. Baessler, Mo.App., 270 S.W.2d 782 [7–9] that a defendant ought not "enrich himself unjustly at the expense of another." These isolated words were used in the rationale for allowing a plaintiff to recover the reasonable value of requested services absent an express agreement on the amount to be paid. The cases do not hold, as defendant contends, that plaintiff must prove the value of defendant's land was enhanced by plaintiff's services—certainly not here where plaintiff's work was just what the defendant ordered.

We conclude, as plaintiff pleaded, that he performed work and labor at defendant's special instance and request without any express agreement as to price and he is entitled to recover the reasonable value of his services as set by the trial court's judgment. We affirm.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.